# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

EDWARD THOMAS KENNEDY,  :
:
    Plaintiff,  :
:
v.  :  Civ. No. 18-1270-RGA
:
WALMART, INC., et al.,  :
:
    Defendants.  :

## MEMORANDUM

Plaintiff Edward Thomas Kennedy, a resident of Breinigsville, Pennsylvania, filed this action on August 20, 2018. (D.I. 2). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. The original complaint consisted solely of state claims. (*Id.*). Although it invoked the jurisdiction of this Court by reason of diversity of citizenship of the parties, the allegations indicated that Plaintiff and one Defendant were both residents of Pennsylvania. However, when Plaintiff filed his First Amended Complaint, he removed numerous defendants, added new defendants, and added a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, resulting in jurisdiction under 28 U.S.C. § 1331. (D.I. 9). The First Amended Complaint states, "This is a second amended action and replaced ECF Doc. 2, filed 8/20/2018." (*Id.* at 2).

Plaintiff filed the First Amended Complaint as a result of a case that he filed on January 16, 2018, in the United States District Court for the Eastern District of Pennsylvania, *Kennedy v. Equifax, Inc.*, Civ. No. 18-214-JLS (E.D. Pa.) ("the Equifax Case"). The Pennsylvania District Court described the action as one where Plaintiff

1

believed that he was a victim of an Equifax data breach, and ABIC, the insurer for Equifax that had issued an identity theft policy to Plaintiff, failed to pay him benefits under that policy due to the breach. (Civ. No. 18-214-JLS at D.I. 72 at 2). On March 27, 2019, the Court granted Defendants' motions to dismiss and dismissed the Equifax case with prejudice, finding futility in amendment. (*Id.* at 72, 73).

Two of the named Defendants in the Equifax case are named Defendants in this case: Richard F. Smith ("Smith") and Equifax, Inc. ("Equifax"). In addition, two of the attorneys who represented Equifax in the Equifax Case are named Defendants in the instant case: Misty Peterson ("Peterson") and Austin Evans ("Evans"), both of whom are attorneys at King & Spalding LLP ("K&S"). Other attorneys named as Defendants in the instant case include Robert Hays ("Hays"), CEO of K&S, and Sally Yates ("Yates"), a partner at K&S. Plaintiff has also named the law firm K&S as a Defendant. Finally, Walmart, Inc. is a named Defendant.

Plaintiff alleges, "Each Defendant exceeded their jurisdiction by either directly, through an agent, or in concert with another did cause [Plaintiff] to be unlawfully injured against his will, without jurisdiction or good cause." (*Id.* at ¶ 3). The First Amended Complaint alleges that all Defendants "trespassed" on the Equifax case or "trespassed" on the Equifax case through vicarious liability and acted or failed to act in such a way that Plaintiff was injured and damaged. (*Id.* at 2, 7).

A civil action not founded solely on diversity of citizenship is properly brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of

2

property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). The court may transfer a case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The Court may raise venue and issue a Section 1404(a) transfer order *sua sponte*. *See, e.g., Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167 (3d Cir. 2011).

Here, it appears that the events giving rise to most of Plaintiff's claims occurred in Pennsylvania and, more particularly, in the United States District Court for the Eastern District of Pennsylvania. The Court considers the allegations in the Amended Complaint and finds the interests of justice favor transferring the action to the United States District Court for the Eastern District of Pennsylvania, where Plaintiff resides, based upon the allegations it appears many of the events took place, and where the District Court has knowledge of the underlying events complained of by Plaintiff.

For the above reasons, the Clerk of Court will be directed to transfer this action to the United States District Court for the Eastern District of Pennsylvania. The motion to compel service (D.I. 12) will be dismissed without prejudice to renew.

A separate order shall issue.

/s/ _____
UNITED STATES DISTRICT JUDGE

Dated: May 9, 2019
Wilmington, Delaware

3